# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN LEONARD CALVERT | § | |
| | § | |
| v. | § | A-10-CA-105 JN |
| | § | |
| CLAUDE MAYE, Warden, FCI Bastrop | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE JAMES R. NOWLIN
         SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: John Leonard Calvert's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(Clerk's Docket No. 1); and Motion for Appointment of Counsel (Clerk's Docket No. 2) both filed February 10, 2010. The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

John Leonard Calvert files the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Calvert is incarcerated at the Federal Correctional Institution ("FCI") in Bastrop, Texas, and alleges that the Bureau of Prisons' has violated his rights under the Prison Litigation Reform Act by disallowing him use of the available grievance procedures and thereby denying him access to any administrative remedies. His grievances relate to alleged inadequate medical care he has received while incarcerated in FCI Bastrop.

## II. DISCUSSION

Calvert can utilize habeas corpus proceedings only if he is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Spina v. Aaron*, 821

F.2d 1126, 1128 (5th Cir. 1987). Put another way, if "a favorable determination would not automatically entitle [Calvert] to accelerated release" he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Calvert's claims contest the conditions and not the fact or duration of his confinement. Since success in this proceeding would not entitle Calvert to accelerated release, he is not entitled to relief pursuant to 28 U.S.C. § 2241.

A *Bivens* civil rights action[1] provides the appropriate vehicle to attack these allegedly unconstitutional conditions of confinement. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Preiser*, 411 U.S. at 498. However, the undersigned is reluctant to construe the petition as asserting civil rights claims pursuant to *Bivens*. Allowing Petitioner to prosecute this action based on the payment of the $5.00 habeas corpus filing fee instead of the filing fee applicable to civil rights actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. Accordingly, Petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS**

---

[1]Since Petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Calvert's Petition for Writ of Habeas Corpus (Clerk's Docket No. 1) **WITHOUT PREJUDICE** as to re-filing as a civil rights cause of action, and **DENY** his motion for appointment of counsel (Clerk's Doc. No. 2).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE